**Roudebush v. Wolfe**

C.P. of Lawrence County, no. 10266 of 1998, C.A.

*George P. Micacchione,* for plaintiffs.
*C. Gus Kwidis,* for defendants.
*David A. Crissman,* for interpleader claimant.

PRATT, *J.,* September 23, 1999—On August 18, 1994, the minor-plaintiff Nicole Roudebush sustained personal injuries while a guest passenger in a vehicle operated by defendant V. Gail Wolfe as a result of a collision which occurred in Slippery Rock Township, Lawrence County, Pennsylvania. Structured settlement proposals were offered by the defendants and accepted by the plaintiffs totaling $75,000, and consisting of the maximum insurance policy limits available through defendant Allstate Insurance Company, defendant V. Gail Wolfe's insurance carrier.

As a result of her injuries, the minor-plaintiff required certain medical treatment for which expenses were incurred. These expenses were paid by Northwest through the employer of guardian-plaintiff Tony Roudebush. Northwest then asserted a subrogation lien against the structural settlement proposals prior to the settlement's approval by the court. Seeking a court order to interplead the insurance policy limit of $75,000 into court pending resolution of Northwest's subrogation lien, Allstate filed a petition for interpleader on March 12, 1998. Northwest, as an interpleader claimant, then filed an answer thereto on April 1, 1998. Pursuant to a rule to show cause, the court granted Allstate's petition and ordered the $75,000 to be deposited with the prothonotary of Lawrence County and scheduled a conference for May 26, 1998 to resolve the disputes between the plaintiffs and the interpleader claimant, Northwest. The confer-

ence was ineffective, and the court scheduled a hearing and directed the plaintiffs and Northwest to file briefs.

After a hearing, and with only Northwest filing a brief, the court issued an order on May 27, 1999, directing that Northwest's subrogation claim in the amount of $63,461.21 be paid from the interpleaded amount deposited with the prothonotary of Lawrence County by Allstate. From the court's May 27, 1999 order, plaintiffs filed a timely appeal, but failed to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), contrary to this court's July 2, 1999 order. This opinion is issued in satisfaction of Pa.R.A.P. 1925(a).

At the hearing of Allstate's petition, plaintiffs asserted that their underlying cause of action for personal injuries does not seek damages for medical expenses and, therefore, Northwest has no subrogation right. However, the applicable health insurance policy under the Northwest medical plan provides that Northwest is subrogated to any and all rights of recovery that the covered plaintiffs have against those who caused the minor-plaintiff's injuries. Specifically, the medical plan states:

"[I]mmediately upon payment of any benefits under the plan, Northwest Airlines Inc. shall be subrogated to any and all of the claimant's rights of recovery against any person or organization whose course of conduct or action caused or contributed to the loss for which payment was made under the plan." Northwest Airlines' "Group Benefit Plans Booklet for Management Employees," p. 72.

Additionally, Northwest's medical plan is a self-funded plan governed by the Employee Retirement and Income Security Act, 29 U.S.C. §1001. ERISA provides that

subrogation provisions are enforceable within any plan against a plaintiff falling under ERISA regardless of any state law or rule that would otherwise limit the medical plan's subrogation rights. Therefore, this court must enforce the provisions of the medical plan as written. It is irrelevant under the medical plan's provisions if the plaintiffs are not pursuing medical expense damages in their personal injury action, because the medical plan is subrogated to all rights of recovery. See *MacIntosh v. Pacific Holding Company,* 992 F.2d 882 (8th Cir. 1993), *cert. denied,* 510 U.S. 965 (1993); *FMC Corporation v. Holliday,* 498 U.S. 52, 112 L.Ed.2d 356, 111 S.Ct. 403 (1990); *Associated Hospital Service of Philadelphia v. Pustilnik,* 262 Pa. Super. 600, 396 A.2d 1332 (1979). Hence, this court concludes that Northwest is entitled to be paid its subrogation lien as compensation for the medical expenses paid by Northwest as a result of the minor-plaintiff's injuries.

Consequently, the court's order of May 27, 1999, directing that Northwest's subrogation claim in the amount of $63,461.21 be paid from the interpleaded amount of $75,000 was proper and should be affirmed.

Parenthetically, as the appealing parties, the plaintiffs have failed to file a concise statement of matters complained of on appeal as directed by the court; the plaintiffs' appeal should be summarily quashed by the Superior Court.

## ORDER

The attached opinion shall be filed of record. The prothonotary is directed to immediately transmit the record to the Superior Court.